## CIRCUIT COURT OF THE CITY OF RICHMOND

Lundy H. Morgan, Jr.,
and Dianna Morgan

v.

Dodd's, Inc.

January 9, 1978

Case No. A-821

By JUDGE MARVIN F. COLE

I believe that the main issue involved in the Motion of the defendant to set aside the verdict of the plaintiffs is that when several witnesses testify for the plaintiff as to the damages that since there is a duty on the part of the plaintiff to minimize damages, that only the lowest estimate is admissible in evidence and that all higher estimates should be excluded. Therefore, in this case all evidence as to damages should be excluded except the lowest estimate made by E. S. McBride.

I do not believe that the duty to mitigate damages requires that the court only consider the lowest estimate. The duty to weigh the evidence is a function of the jury and not that of the court. Damages that are minimized may not necessarily be the lowest estimate of damage. The terms are not synonymous. I believe that a correct statement of the law is set forth in *Diggs v. Lail*, 201 Va. 871 (1960) at page 877.

As to the sum of $2,500.00 as the verdict, I believe that it was within the power of the jury to accept a part of each estimate, or to accept the estimate of Palmore and then disallow a portion of it. In any event, I think that there was sufficient evidence given upon which the jury could have arrived at the sum of $2,500.00

Accordingly, I am today entering a judgment in accordance with the jury verdict in the amount of $2,500.00 plus interest from the date of trial plus costs.